**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CAROL BOYINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: K24C-05-008 RLG |
| v. | ) | |
| | ) | |
| REDNER'S MARKETS, INC. | ) | |
| | ) | |
| Defendant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| INTEGRATED HEALTH | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Submitted:  April 10, 2026
Decided:  July 15, 2026

## <u>ORDER</u>

*Upon Review of the Affidavit of Merit –* **REJECTED**

On April 8, 2025, Third-Party Defendant Integrated Health Associates, LLC, ("Integrated Health") filed a motion[1] seeking the Court's review of Third-Party Plaintiff Redner's Markets, Inc.'s ("Redner's") affidavit of merit, *in camera*, to determine whether it complies with 18 <u>Del</u>. <u>C</u>. § 6853(a)(1) and (c).[2]  Specifically,

---

[1] D.I. 52.

[2] <u>See</u> 18 <u>Del</u>. <u>C</u>. § 6853(d) ("Upon motion by the defendant the Court shall determine *in camera* if the affidavit of merit complies with paragraph (a)(1) and subsection (c) of this section.").

Integrated Health requested the Court review the affidavit of merit to ensure: (1) it is signed by an expert witness; (2) it is accompanied by that witness's *curriculum vitae*; (3) it states all opinions with a reasonable degree of medical probability; (4) the expert witness gives an opinion that there has been healthcare medical negligence by Integrated Health; (5) the expert gives an opinion that each breach by Integrated Health was a proximate cause of the injuries alleged in the Complaint; and (6) the expert's *curriculum vitae* establishes that the expert has been engaged in the treatment of patients, or in the academic side of skilled nursing, for the three years preceding the negligent act.[3]  The Court has conducted the requested *in camera* review.

18 Del. C. § 6853(a) requires all healthcare negligence lawsuits be accompanied by "an affidavit of merit as to each defendant signed by an expert witness … and accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." Under 18 Del. C. § 6853(c), the affidavit of merit must "set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed

---

[3] D.I. 52 at 1-2.

in the complaint." The requirements of 18 Del. C. § 6853 "are purposefully minimal."[4]

Having reviewed the affidavit of merit, the Court finds it does not comply with the requirements of 18 Del. C. § 6853. Specifically, the expert witness did not provide a *curriculum vitae*, current or otherwise. Aside from failing to comply with the statutory requirement, the failure to attach a *curriculum vitae* prevents the Court from determining whether the expert witness has engaged in the treatment of patients in the same or similar field as Integrated Health for the three years preceding the negligent act.

This Court "has discretion to choose the appropriate sanction for noncompliance with Section 6853."[5] "Delaware has a strong public policy that favors permitting a litigant a right to a day in court."[6] Accordingly, the Court will afford Redner's an opportunity to correct the deficient affidavit of merit. Redner's must file an acceptable affidavit of merit, inclusive of a current *curriculum vitae*, within 15 days of this Order.[7] If Redner's fails to file an acceptable affidavit of merit

---

[4] Dishmon v. Fucci, 32 A.3d 338, 342 (Del. 2011) (citing Green v. Weinger, 766 A.2d 492, 495-96 (Del. 2001)).

[5] Dishmon, 32 A.3d at 344.

[6] Id. at 346.

[7] Although the requirements of 18 Del. C. § 6853 "are purposefully minimal," the Court encourages Redner's to review its amended affidavit of merit carefully before submission to the Court to ensure compliance with all statutory requirements.

by that deadline, the Court will dismiss the claims against Integrated Health without further notice or opportunity to be heard.

     **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge